UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Larry Kopchak, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| Portfolio Recovery Associates, LLC, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Larry Kopchak, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*, (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Larry Kopchak, is a resident and citizen of the State of South Carolina, Lee County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

4. Defendant, Portfolio Recovery Associates, LLC (hereinafter referred to as "Portfolio") may be served with process through its CEO, Steve Fredrickson, at its corporate headquarters, 140 Corporate Blvd., Norfolk, VA 23502. Defendant regularly collects debts and is a debt collector as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. Defendant has made repeated harassing telephone calls to Plaintiff's cellular telephone and Plaintiff's home telephone. Said calls to Plaintiff were made in an attempt to collect an alleged debt.

6. Said telephone calls were made multiple times per day and were for the sole purpose of harassing, annoying or coercing Plaintiff into paying an alleged debt.

7. The continuous calls pushed Plaintiff to his wit's end. Plaintiff was dealing with his wife's chronic, and ultimately fatal, illness and was not allowed a moment's peace in his own home due to the constant telephone calls of Defendant.

8. Additionally, Defendant made numerous telephone calls to Plaintiff's cellular telephone, which Plaintiff uses as his business phone. Defendant's calls interfered with Plaintiff's ability to receive business calls and affected his work.

9. Said calls were made in an attempt to harass, annoy and/or coerce Plaintiff into paying an alleged debt.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

10. Plaintiff adopts the averments and allegations of paragraphs 5 through 9 hereinbefore

as if fully set forth herein.

11. From at least December 17, 2013 to the present, Defendant Portfolio has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and his alleged consumer debt.

12. Defendant Portfolio violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

13. Defendant Portfolio violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt in violation of §1692d(5).

14. Defendant Portfolio violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

15. As a proximate result of Defendant's actions, Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which he seeks the maximum statutory damages, actual damages, plus attorney's fees and costs.

## COUNT TWO
## INVASION OF PRIVACY

16. Plaintiff adopts the averments and allegations of paragraphs 5 through 15 hereinbefore as if fully set forth herein.

17. South Carolina state law recognizes the Plaintiff's right to be left alone and to be free from invasions of privacy in such a manner as to outrage or cause serious mental

suffering, shame, and humiliation to Plaintiff. *See Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 477 (S.C. 1999).

18. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to his home to collect an alleged debt.

19. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

20. The conduct of Defendant in engaging in the systematic campaign of harassment by repeatedly telephone the Plaintiff demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

21. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

22. Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from Defendant.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

23. The Plaintiff adopts the averments and allegations of paragraphs 5 through 22 hereinbefore as if fully set forth herein.

24. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the

conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

25. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and was in violation of the FDCPA and/or South Carolina state and common law.

26. Defendant negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

27. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## RECKLESS AND WANTON TRAINING AND SUPERVISION

28. Plaintiff adopts the averments and allegations of paragraphs 5 through 27 hereinbefore as if fully set forth herein.

29. Defendant knew or should have known of its inadequate training and supervision. If Defendant had properly trained and supervised its employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

30. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the FDCPA, and/or South Carolina state and common law.

31. Defendant recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

32. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual damages for the Defendant's violations of the FDCPA;

B. Statutory damages of $1,000 for the Plaintiff from Defendant pursuant to 15 U.S.C. §1692k;

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. § 1692k;

D. Compensatory and punitive damages against Defendant in an amount to be determined by a struck jury on Plaintiff's state law claims for damages due to the Defendant's Invasion of Privacy, Negligent Training and Supervision and Reckless and Wanton Training and Supervision;

E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 W. Evans St.
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

(Via restricted delivery)
Portfolio Recovery Associates, LLC
c/o Steve Fredrickson - CEO
140 Corporate Blvd.
Norfolk, VA 23502